

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

**638**

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion Number O-3350

Re: Qualification of voters
in school district bond
elections.

We acknowledge receipt of your opinion request of
recent date, wherein you propound the following questions:

"A bond election is to be held in the Belton
Independent School District, and they are anxious
to know —

"1. Since this is a school matter, must a
voter be a school taxpayer?

"2. Must a voter be a State and County tax-
payer?

"3. Must a voter have paid his city poll tax
as well as his regular poll tax?

"4. To be a taxpaying voter, must a person
have actually paid his 1940 taxes?

"5. Is a person considered a taxpaying voter
who has only rendered his property for taxation?

"6. Would a person who has real or personal
property subject to taxation, which has not been
rendered, be considered a qualified taxpaying
voter and eligible to vote in a bond election?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. M. Trimble, page #2

The manner of holding a bond election in an independent school district is governed by the law regulating general elections. Article 2785, Vernon's Annotated Civil Statutes, 34 Texas Jurisprudence, 650.

At the outset we will summarize the qualifications of voters in an independent school district bond election as defined by the Constitution and the Statutes of Texas. We will then attempt to answer each specific question in the order in which they have been asked.

A person offering to vote in a bond election in an independent school district must have resided in the State for one year, in the county six months, be over the age of twenty-one, must have paid a poll tax prior to February first preceding the election, or be exempt therefrom, must be a citizen of the United States and must own taxable property in the school district which he has duly rendered for taxation. A person under twenty-one years of age, idiots and lunatics, paupers supported by the county, all persons convicted of a felony whose citizenship has not been restored by pardon, and all soldiers, marines and seamen employed in the service of the army or navy, are disqualified. Constitution of Texas, Art. 6, Sec. 1, 2, 3a; Vernon's Annotated Civil Statutes of Texas, Arts. 2954, 2955, 2955a (by which said sections of the Constitution were placed in our statutory law); Campbell vs. Wright, 95 S. W. (2d) 149; Texas Public Utilities Corporation vs. Holland, 123 S. W. (2d) 1028.

In reply to your first question you are advised that in our opinion before a person can vote, his property must appear on the tax rolls of the particular district holding the election. Art. 6, Sec. 3a of the Constitution of Texas; Barker vs. Wilson, 205 S. W. 543; 37 Texas Jurisprudence 984.

Question number two is answered in the negative.

There is no requirement that a voter be a State and county taxpayer in order to be qualified to vote in an independent school district election. Section 3a of Article 6 of the Constitution of Texas provides that only qualified electors who own taxable property in the district where such election is held, and who have duly rendered same for taxation shall be qualified to vote.

640

Question number three is answered in the negative.

It is our understanding that the Belton Independent School District was divorced several years ago from the City of Belton and is a separate and distinct entity, having its own governing body.

House Bill #109, Forty-seventh Legislature, amends Article 2955 of the Revised Civil Statutes of the State of Texas, relative to the qualifications to vote, said law became effective on March 5, 1941, and reads, in part, as follows:

"Provided that a city poll tax shall not be required to vote in any election in this State, except in city elections."

Question number four is answered in the negative.

There is no requirement in the Constitution or Statutes of Texas stating that taxes must be actually paid, the only requirement being that a qualified elector must own taxable property in the district where such election is held and who has duly rendered the same for taxation. Sec. 3a, Art. 6 of the Constitution of Texas; Article 2955a, Vernon's Annotated Civil Statutes; Campbell vs. Wright, supra.

Question number five is answered in the affirmative.

As stated above, the only requirement in the Statutes and the Constitution of Texas to be qualified to vote in a bond election is that said property must be in the school district and same must be duly rendered for taxation. Sec. 3a, Art. 6 of the Constitution, and Article 2955a, Vernon's Annotated Civil Statutes.

Question number six is answered in the negative.

Sec. 3 of Art. 6 of the Constitution specifically states that said property must be duly rendered for taxation before a voter is eligible in a bond election.

As to the meaning of "duly rendered" the courts of this State, in the cases of Campbell vs. Wright and Texas Public Utilities vs. Holland, supra, have held that if the

Honorable T. M. Trimble, page #4

property of a citizen is on the tax roll and he is liable for the taxes assessed he has "duly rendered the same" insofar as his right to vote under the provisions of Article 6, Sec. 3a of the Texas Constitution, is concerned, without regard to the manner in which the rendition of such property was made.   Property may be rendered by them personally or through an agent or be assessed by the tax assessor if the property owner has failed to render the property.   We are enclosing a copy of our opinion Number O-1178, which more clearly defines this term.

Trusting that this answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Claud O. Boothman*
Claud O. Boothman
Assistant

COB-s

APPROVED APR 8, 1941

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN